```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                          Case No. 12-mj-66-01-LM

<u>Billy Ray Knight</u>                    Charging District Case
                                                      No. 3:12-cr-21-J-32-MCR

**<u>ORDER OF DETENTION</u>**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on August 13, 2012, for the purpose of determining whether defendant should be detained. The detention hearing occurred in the context of a removal hearing on a bail revocation charge. <u>See</u> Fed. R. Crim. P. 40(a)(ii) & (c). Defendant is charged by indictment out of the Middle District of Florida with wire fraud and conspiracy to commit wire fraud.

Defendant is a New Hampshire resident and, pursuant to the Middle District of Florida release order, his bail is being supervised in New Hampshire. Defendant conceded identity and waived production of the warrant but sought release on conditions. Following a hearing at which the government and defendant each put on a witness, the court issued its detention order orally from the bench. This order incorporates by reference those findings and rulings, and summarizes in writing

the reasons for modifying the release order.  See Fed. R. Crim. P. 40(c).

## Legal Standards

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure defendant's appearance ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).  At a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure: (1) defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st

Cir. 1988); or (2) the safety of another or the community, Patriarca, 948 F.2d at 793.  For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

### Findings and Rulings

In the instant case, the government argued that defendant's release posed both a risk of flight and dangerousness.  After weighing the evidence and balancing the factors laid out in 18 U.S.C. § 3142(g), the court found that the government met its burden of proof on dangerousness for the following reasons:

- <u>Testimony of supervising officer, Daniel Gildea.</u>  Mr. Gildea is an experienced probation officer in this district.  In Mr. Gildea's considered judgment, defendant is a serious suicide risk, and potentially homicidal as well. Specifically, defendant recently learned that the prosecutor is seeking jail time on his pending charges in Florida.  Since learning that news, and with defendant's trial date fast approaching (trial scheduled for week of 9-4-12), Mr. Gildea has witnessed defendant's emotional and mental stability rapidly deteriorating.  Mr. Gildea described defendant as desperate and suicidal; defendant recently stated to Mr. Gildea that he wanted to kill himself.  Mr. Gildea did not view defendant as a flight risk but was concerned for his safety and, in light of defendant's violent history (explained below), the safety of

others.  The court found Mr. Gildea's testimony credible and gave it great weight.

- <u>Defendant's history of violence.</u>  Defendant has a criminal record that includes a conviction over twenty years ago that, on the face of the criminal record, appears as a serious motor vehicle offense for which defendant served twelve years in prison.  During that incident, however, defendant was engaged in an act of "road rage" that culminated in his shooting a person in the head.  More recently, in 2011, defendant threatened to commit suicide, and while doing so, utilized a firearm to threaten his stepdaughter, Amber.

- <u>Testimony of defendant's stepdaughter, Taylor.</u>  Taylor testified on behalf of her stepfather.  While Taylor stated that she did not fear the defendant, she conceded that defendant had, in 2011, threatened her sister, Amber, with a gun, while making suicidal threats.

- <u>Defendant's mental health history.</u>  Defendant experienced childhood trauma and has, as a result, attempted suicide on "over twenty" occasions, including the incident in 2011 involving his stepdaughter.  Defendant is currently undergoing treatment for his mental-health disability.  Despite the treatment, however, defendant's mental health shows recent signs of deterioration related to the pending charges in Florida.

For the reasons summarized above, as well as those stated orally on the bench following the hearing, the court found that the government met its burden of proving that defendant's

release, even on strict conditions, presents too serious a risk of danger.  There are no conditions or combination of conditions that will reasonably assure the safety of defendant and/or the community.

Accordingly, it is **ORDERED** that the defendant be detained.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

SO ORDERED.

                                             _____
                                             Landya B. McCafferty
                                             United States Magistrate Judge

Date:  8/14/2012

```
cc:   Alfred Rubega, AUSA
      Michael Ramsdell, Esq.
      U.S. Marshal
      U.S. Probation
```